UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARVEL WILSON,

                                Plaintiff,

           v.                                            9:20-CV-0361
                                                                   (TJM/TWD)

CAPE VINCENT CORRECTIONAL
FACILITY, et al.,

                                Defendants.
_____

APPEARANCES:

ARVEL WILSON
A099494395
Plaintiff, pro se
BUFFALO FEDERAL DETENTION FACILITY
4250 Federal Drive
Batavia, NY 14020


THOMAS J. McAVOY
Senior United States District Judge

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Arvel Wilson commenced this action pro se by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 10 ("IFP Application");[1] Dkt. No. 6 ("Preliminary Injunction Motion"). By

---

[1] This action was commenced in the Western District of New York. By Order entered on March 2, 2020, the Honorable Elizabeth A. Wolford of the Western District of New York transferred the action to this District. Dkt. No. 7 ("Transfer Order"). Transfer was completed on March 31, 2020. Dkt. No. 8. By Order entered on

Decision and Order filed May 13, 2020, the Court granted plaintiff's IFP Application, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 13 ("May 2020 Order").[2]  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *Id*. at 13-15.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 16 ("Am. Compl.").

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Complaint and May 2020 Order

In his complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was incarcerated at Cape Vincent Correctional Facility.  *See generally* Compl.

The complaint was construed to assert an Eighth Amendment failure-to-protect claim against New York State, Cape Vincent Correctional Facility, and the Commissioner of the New York State Commission of Corrections Thomas J. Loughren based on allegations that plaintiff was sexually assaulted by an unidentified inmate in May, 2016, which an unidentified corrections official failed to prevent.  *See* May 2020 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's claims against New York State, Cape Vincent Correctional Facility, and defendant Loughren in his official capacity as barred by the

---

April 1, 2020, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed.  Dkt. No. 9.  Thereafter, plaintiff filed his IFP Application, along with an inmate authorization form, and the Clerk was directed to reopen this action and restore it to the Court's active docket.  *See* Dkt. Nos. 10, 11, 12.

[2]  Plaintiff's Section 1983 claim asserted against defendant Loughren in his individual capacity was dismissed without prejudice, and plaintiff's remaining Section 1983 claims were dismissed with prejudice.  *See* May 2020 Order at 15.

Eleventh Amendment, and dismissed plaintiff's individual capacity claim against defendant Loughren as both untimely and inadequately plead. *See* May 2020 Order at 8-16. Plaintiff was afforded leave to amend with respect to his Section 1983 claim against defendant Loughren in his individual capacity, and advised that any amended pleading must include allegations explaining why his claims are timely; i.e., that either the "continuing violation doctrine" or "the equitable tolling doctrine" is applicable to such claims. *Id*. at 13-14.

### B.     Overview of the Amended Complaint

Plaintiff's amended complaint is materially similar to his original complaint, except that plaintiff appears to allege that the unidentified official who failed to prevent him from being sexually assaulted in May, 2016, also denied him medical treatment following the alleged sexual assault. *See* Am. Compl. at 1-2. Plaintiff names only the State of New York as a defendant. *Id*. at 1.

As with the original complaint, the amended complaint alleges that plaintiff did not file a grievance regarding the alleged wrongdoing. *See* Am. Compl. at 1-2. In addition, the amended complaint does not contain any new allegations explaining why plaintiff's claims are timely, or how defendant Loughren was personally involved in the alleged wrongdoing. *See generally, id.*

In any event, based on plaintiff's allegation that he was denied medical treatment following the sexual assault, the Court liberally construes the amended complaint to assert failure-to-protect and medical indifference claims under the Eighth Amendment.

### C.     Analysis

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in

the May 2020 Order and it will not be restated in this Decision and Order.  *See* May 2020 Order at 2-4.

As noted in the May 2020 Order, plaintiff cannot proceed with any Section 1983 claims against the State of New York because such claims are barred by the Eleventh Amendment. Furthermore, even if the Court were to assume that plaintiff desired to re-name Thomas J. Loughren as a defendant, or name the official who allegedly failed to protect plaintiff from a sexual assault as a defendant, plaintiff has not alleged any facts which plausibly suggest that he suffered a violation of his constitutional rights -- either related to the alleged sexual assault or the alleged denial of medical treatment thereafter -- within the limitations period.[3]  In addition, as with the original complaint, the amended complaint does not present a basis for applying either the "continuing violation doctrine" or "the equitable tolling doctrine" to plaintiff's Section 1983 claims.  Thus, the Court finds that it would be futile to afford plaintiff another opportunity to file an amended pleading.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted); *accord, Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding*

---

[3]  As noted in the May 2020 Order, following the prison mailbox rule and applying the presumption that plaintiff delivered his complaint to a prison official on the date it was signed, plaintiff filed his complaint in this action for statute of limitations purposes on August 21, 2019.  *See* May 2020 Order at 10.

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted).

Accordingly, and for the reasons set forth in the May 2020 Order, plaintiff's Section 1983 claims against New York State are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and such claims are otherwise dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred in part by the Eleventh Amendment and for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: July 16, 2020
        Binghamton, NY

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge